UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| ATORIS SLATER, | ) |
| | ) |
| Petitioner-Defendant, | ) |
| | ) |
| v. | ) Case Nos. 13-cr-40040 |
| | )           21-cv-4217 |
| | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent-Plaintiff. | ) |

## ORDER AND OPINION

**SARA DARROW, Chief U.S. District Judge:**

Now before the Court is Petitioner Atoris Slater Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (d/e 49). Slater argues that he received ineffective assistance of counsel when his counsel failed to challenge the indictment and failed to file a notice of appeal. However, by the time Petitioner filed this Petition, he was released from prison and was no longer serving a term of supervised release for this conviction. Accordingly, the Court finds it does not have jurisdiction and DISMISSES Petitioner's § 2255 motion (d/e 49), and DECLINES to issue a certificate of appealability.

### I. BACKGROUND

In 2013, Slater pled guilty to being a Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). Plea Transcript (d/e 43). On February 14, 2014, Slater was sentenced to 45 months of imprisonment, followed by a three year term of supervised release. *See* Judgment (d/e 10). After being released from prison, Slater began serving his term of

supervised release.  However, Slater's supervised release was revoked on November 8, 2017. *See* First Revocation Judgment (d/e 25).  He was sentenced to 12 months of imprisonment, followed by a two year term of supervised release.  *Id.*  Again, after being released and beginning his new term of supervised release, Slater's supervised release was revoked on March 7, 2019. *See* Second Revocation Judgment (d/e 36).  This time he was sentenced to 14 months of imprisonment with no additional term of supervised release.  *Id.*  He was released from custody on December 17, 2019.  *See* Status Report (d/e 39).

In October 2020, Slater was again arrested and charged in a new federal case with Possession with Intent to Distribute "THC" and marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 841(b)(1)(D) (Count 1); Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 2); and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 3). *See United States v. Slater*, Case No. 20-40053 (C.D. Ill.).  Slater pled guilty to all three counts. On October 12, 2022, the Court sentenced Slater to a total term of 120 months of imprisonment followed by three years of supervised release in the new case.

This motion (d/e 40) was filed on December 23, 2021, while his new criminal case was still pending.  Slater claims: (1) he was improperly charged because the government used Rock Island County, Illinois, Case #2012-CF-943 as the basis for the charge, and Slater only received a sentence of 80 days in that case (d/e 40, p.2); (2) he received ineffective assistance of counsel when his attorney failed to challenge the indictment, after being instructed by Slater to do so (d/e 40, p.3); and (3) he received ineffective assistance of counsel when his attorney failed to timely file a notice of appeal on his behalf, after Slater "made it clear that [he] was exercising my right to appeal." (d/e 40, p.3).  Slater acknowledges that he is challenging a sentence that has already

expired, but claimed it would have consequences in his then-pending new criminal case. The government filed a response (d/e 46) seeking to dismiss the motion because Slater was no longer in "custody" pursuant to the judgment in this case. Slater filed a combined reply and Motion to Stay (d/e 49). The Government has also filed a response (d/e 50) to Slater's Motion to Stay. After careful consideration, this Order now follows.

## II. DISCUSSION

Slater's motion cannot proceed because he was no longer "in custody" pursuant to this sentence when his § 2255 Motion was filed. Section 2255(a) provides that:

> A prisoner *in custody* under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a) (emphasis added). In *Maleng v. Cook*, 490 U.S. 488, 490 (1989), the Supreme Court explained that a petitioner does not remain "'in custody' under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted." *Id.* at 492. *See also, Stanbridge v. Scott*, 791 F.3d 715, 718 (7th Cir. 2015). Further, the custody requirement is jurisdictional. *Id.* at 490.

Here, while Slater is again in custody, he is not in custody pursuant to any judgment in this older criminal case. When he was released on or about December 19, 2019, his sentence expired in this case and the Court lost subject matter jurisdiction to hear any challenge to his conviction or sentence under § 2255. Accordingly, Slater's § 2255 Motion (d/e 40) is

DISMISSED for lack of subject matter jurisdiction. His pending Motion to Stay (d/e 49) is DISMISSED as moot.

### III. CERTIFICATE OF APPEALABILITY

If Petitioner seeks to appeal this decision, he must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c) (providing that an appeal may not be taken to the court of appeals from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability). A certificate of appealability may issue only if Petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a claim is resolved on procedural grounds, a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim *and* about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here, the Court does not find that reasonable jurists could disagree that the Court lacks subject matter to consider Petitioner's claims. Accordingly, the Court declines to issue a certificate of appealability.

### IV. CONCLUSION

For the reasons stated, the Court DISMISSES Petitioner Slater's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 (d/e 40) for lack of subject matter jurisdiction. The Court DECLINES to issue a certificate of appealability. Petitioner's pending Motion to Stay (d/e 49) is DISMISSED as moot. The Clerk is DIRECTED and enter the Judgment and close the accompanying civil case, 21-cv-4217. This case is CLOSED. Signed on this 10th day of April 2023.

                                   */s/ Sara Darrow*
                                   Sara Darrow
                                   Chief United States District Judge